**DAO FEI YE, Petitioner,**

v.

**Eric H. HOLDER Jr., United States Attorney General,[1] Respondent.**

No. 08–4459–ag.

United States Court of Appeals, Second Circuit.

March 13, 2009.

---

Michael Brown, New York, NY, for Petitioner.

Michael F. Hertz, Acting Assistant Attorney General, Civil Division, Michelle Gorden Latour, Assistant Director, Brendan P. Hogan, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. RICHARD C. WESLEY and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### *SUMMARY ORDER*

Petitioner Dao Fei Ye, a native and citizen of the People's Republic of China, seeks review of an August 13, 2008 order of the BIA affirming the April 5, 2007 decision of Immigration Judge ("IJ") Paul A. DeFonzo denying Ye's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Dao Fei Ye,* No. A99 023 506 (B.I.A. Aug. 13, 2008), *aff'g* No. A99 023 506 (Immig. Ct. N.Y. City Apr. 5, 2007). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA issues an opinion that fully adopts the IJ's decision, we review the IJ's decision. *See Mei Chai Ye v. U.S. Dep't of Justice,* 489 F.3d 517, 523 (2d Cir.2007). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). We review *de novo* questions of law and the

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr., is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

application of law to undisputed fact. *See Passi v. Mukasey,* 535 F.3d 98, 101 (2d Cir.2008).

We conclude that substantial evidence supports the IJ's determination that Ye was not credible. As the IJ found, while Ye admitted that he told immigration officers at his airport interview that he was arrested in China for his Falun Gong activities, he testified that he was never arrested in China. This inconsistency, in light of the totality of the circumstances, was sufficient to support the determination that Ye was not credible. *See Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir.2008); *cf. Ramsameachire v. Ashcroft,* 357 F.3d 169, 180–81 (2d Cir.2004) ("Where the alien's airport statements and his or her later testimony present materially different accounts of his or her purported persecution ... the inconsistencies may render the alien's testimony incredible."). While Ye's brief to this Court generally challenges "the manner in which the [airport] interview was conducted," this argument is unavailing, as he does not demonstrate how the interview was unreliable. *Cf. Ramsameachire,* 357 F.3d at 179. Accordingly, we cannot conclude that the IJ's finding was erroneous.

Additionally, the IJ found that while Ye testified that he practiced Falun Gong in China, his asylum application did not indicate that he was a Falun Gong practitioner. Ye argues that the lack of an explicit statement that he was a Falun Gong practitioner was not inconsistent with his testimony, as his statement indicates that he was involved in Falun Gong. However, the IJ already considered this argument, and we find his conclusion that it was unavailing is supported by substantial evidence. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005).

Given these concerns about Ye's credibility, it was reasonable for the IJ to expect corroboration of Ye's claims from his sister and other Falun Gong practitioners, and to draw an adverse inference from the absence of such evidence. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 341 (2d Cir.2006) (finding that an applicant's failure to corroborate may render him unable to rehabilitate testimony that has already been called into question). The lack of corroboration here, in conjunction with the substantial inconsistencies between Ye's statements and testimony, provides sufficient support for the adverse credibility determination. *See* 8 U.S.C. 1158(b)(1)(B)(iii). And because the only evidence of a threat to Ye's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on each of Ye's claims for relief. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).